IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02452-NYW-SPB

E-GATE HOLDING AG,

    Plaintiff,

v.

WALKER MANUFACTURING COMPANY, and
FEDERICA SPANO,

    Defendants.

---

## ORDER ADMINISTRATIVELY CLOSING CASE

This matter is before the Court on its Order to Show Cause dated September 8, 2025. [Doc. 91]. Based on the record before the Court, the Court **ADMINSTRATIVELY CLOSES** the case, subject to a motion to reopen for good cause.

### BACKGROUND

Plaintiff E-Gate Holding AG ("Plaintiff" or "E-Gate") initiated this action, through counsel, on September 21, 2023. [Doc. 1]. E-Gate alleges that in the late 1990s, its owner and Chief Operating Officer, Wolfgang Loerli ("Mr. Loerli"), purchased exclusive rights to distribute lawnmowers manufactured by Defendant Walker Manufacturing Company ("Defendant Walker Manufacturing" or "Walker Manufacturing") throughout Europe. [*Id.* at ¶ 1]. E-Gate further alleges that for the next 25 years, it invested "an immense amount of time, money, and energy to [sic] growing the Walker brand in Europe." [*Id.* at ¶ 2]. E-Gate also contends that by 2011, E-Gate had obtained exclusive

distributorship rights throughout the Middle East and Asia.  [*Id.*].  As compensation, Walker Manufacturing agreed to pay E-Gate 10% of its sales in its exclusive distributorship territory so long as Walker Manufacturing sold lawn mowers in that territory.  [*Id.*].

E-Gate contends that in 2022, after tensions arose between E-Gate and Walker Manufacturing's leadership, Walker Manufacturing improperly terminated its exclusive distributorship rights in the "Eastern Hemisphere"[1] effective December 31, 2022.  [*Id.* at ¶¶ 3–4, 45–53].  E-Gate alleges that Walker Manufacturing conspired with Defendant Federica Spano ("Defendant Spano" or "Ms. Spano," and collectively with Walker Manufacturing, "Defendants"), who stole "volumes of E-Gate's confidential and trade secret information regarding its distributor network in the Eastern Hemisphere, including valuable information regarding each customer that had been meticulously compiled over the years."  [*Id.* at ¶ 3].  Ms. Spano's employment contract with E-Gate required her, both during and after the termination of her employment, to keep confidential "all business matters such as operational, technical, financial, and organizational conditions, security measures, and all types of operational processes, specifically manufacturing and trade secrets, as well as customer bases."  [*Id.* at ¶ 36].  Ms. Spano also sat on E-Gate's board of directors.  [*Id.* at ¶ 37].

---

[1] E-Gate does not specifically identify what countries or continents comprise the "Eastern Hemisphere," *see* [Doc. 1], but presumably, it is referring to "the half of the earth east of the Atlantic Ocean including Europe, Asia, Australia, and Africa," *see Eastern Hemisphere*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/eastern%20hemisphere (last visited Sept. 23, 2025).  The exception (exclusion of countries) is six countries in the area of the world where Walker already has established relationship with distributors:  Australia, New Zealand, New Caledonia, Israel, South Africa, Guam."  *See* [Doc. 1 at ¶ 25].

2

In its Complaint, E-Gate asserts ten causes of action: (1) civil theft against both Defendants; (2) misappropriation of business value against both Defendants; (3) breach of contract against Defendant Walker Manufacturing; (4) tortious interference with contract against Defendant Spano; (5) unjust enrichment/constructive trust against both Defendants; (6) breach of fiduciary duty against Defendant Spano; (7) aiding and abetting a breach of fiduciary duty against Defendant Walker Manufacturing; (8) misappropriation of trade secrets in violation of the Colorado Uniform Trade Secrets Act against both Defendants; (9) misappropriation of trade secrets in violation of the federal Defend Trade Secrets Act against both Defendants; and (10) civil conspiracy against both Defendants. [*Id.* at ¶¶ 63–120]. Defendants separately filed their Answers to the Complaint. [Doc. 18 (Defendant Spano); Doc. 19 (Defendant Walker Manufacturing)]. The Honorable Susan Prose entered a Scheduling Order with a deadline for dispositive motions of February 28, 2025, [Doc. 33 at 12], and a Protective Order, [Doc. 29], and the Parties proceeded through discovery.

Defendant Spano filed her Motion for Summary Judgment on December 27, 2024.[2] [Doc. 45]. Defendant Walker Manufacturing filed its Motion for Summary Judgment on January 8, 2025. [Doc. 54]. Plaintiff, through counsel, filed Responses to both Motions for Summary Judgment on January 31, 2025. [Doc. 59; Doc. 61]. On February 20, 2025,

---

[2] In her Motion for Summary Judgment, Defendant Spano attempts to "join[] and incorporate[] by reference the summary judgment motion filed by Walker [Manufacturing]." [Doc. 45 at 13]. Ms. Spano cites no authority that permits her to do so, and this Court knows of none. Federal Rule of Civil Procedure 10(c) permits a party to incorporate a "statement in a pleading," not entire arguments from a separate motion. Courts thus routinely reject litigants' attempts to incorporate arguments from other filings "in lieu of fully setting forth their arguments before [the] court." *In re Antrobus*, 563 F.3d 1092, 1097 (10th Cir. 2009).

Defendants Spano and Walker Manufacturing filed their Replies. [Doc. 64; Doc. 66]. On March 14, 2025, the Parties filed a Stipulated Status Report Regarding Settlement Discussions, in which Plaintiff requested a formal settlement conference before Judge Prose. [Doc. 75]. Judge Prose denied the request for a settlement conference on April 2, 2025. [Doc. 82]. In the interim, Defendants also filed two Motions to Exclude directed at Plaintiff's experts, which were fully briefed as of April 10, 2025. [Doc. 70; Doc. 71; Doc. 72; Doc. 73; Doc. 78; Doc. 79; Doc. 83; Doc. 84]; *see* [Doc. 89; Doc. 90].

On August 8, 2025, counsel for Plaintiff, Erik Schuessler ("Mr. Schuessler"), who had represented it from the inception of the lawsuit, filed an Unopposed Motion to Withdraw as Counsel ("Motion to Withdraw"). [Doc. 85]. In the Motion to Withdraw, Mr. Schuessler represented that E-Gate had "been advised that because Plaintiff is an entity, it may not appear without counsel admitted to the bar of this Court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." [*Id.* at 2]. On August 15, 2025, Judge Prose granted the Motion to Withdraw and reminded E-Gate that:

> [A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). Accordingly, Plaintiff may not appear without counsel admitted to the bar of this court, and absent prompt appearance of substitute counsel within 21 days of this order, Plaintiff's pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against it.

[Doc. 87]. Thus, the deadline for new counsel for E-Gate to enter an appearance was September 5, 2025.

No counsel entered an appearance on or before September 5, 2025. This Court then entered an Order to Show Cause that directed Plaintiff to show cause no later than

4

September 22, 2025 why this case should not be dismissed without prejudice for failure to prosecute. [Doc. 91]. The Court specifically advised Plaintiff that its failure to respond to the Order to Show Cause could result in the dismissal of this action without any further notice of the Court. [*Id.*].

On September 11, 2025, despite the fact that the Order to Show Cause was directed solely at Plaintiff, Defendants filed a Joint Response to the Order to Show Cause ("Joint Response"). [Doc. 92]. In their Joint Response, Defendants requested that the Court: (1) dismiss the case with prejudice for failure to prosecute; (2) rule on the summary judgment motions, which Defendants were "confident . . . would result in the disposition of the case on its merits"; or (3) dismiss the case without prejudice, subject to conditions to preserve the current posture of the case. [*Id.* at 2–3].

New counsel did not enter an appearance on behalf of E-Gate by September 22, 2025. Instead, Mr. Loerli twice attempted to gain e-filing privileges to the District of Colorado's Electronic Case Files ("ECF") system from the Clerk of Court, which was denied due to the fact that Mr. Loerli is not an attorney and cannot represent E-Gate. Mr. Loerli also contacted the Chambers of this judicial officer and subsequently sent a communication to the Court via electronic mail, copied to defense counsel. [Doc. 93-1]. In that communication, Mr. Loerli indicates that E-Gate is "actively in discussions with potential U.S. counsel, but the process has taken longer than anticipated" and requests an additional 60 days to secure substitute counsel. [*Id.*].

**ANALYSIS**

As E-Gate has been repeatedly warned, "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate

5

officer appearing pro se." *Harrison*, 253 F.3d at 556; *see also Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) (holding that "[t]he rule is well established that a corporation can appear in a court of record only by an attorney at law"). Accordingly, Mr. Loerli's communications with the Court are not properly before it. *See Harrison*, 253 F.3d at 556; D.C.COLO.LCivR 77.2 ("Unless otherwise ordered, a party to or an attorney in a proceeding shall not communicate directly about the proceeding in any manner with a judicial officer assigned to the proceeding."). **Therefore, Mr. Loerli is specifically advised that any further communication with the Court, except through counsel who have entered an appearance on behalf of E-Gate in formal filings on the District of Colorado's ECF system, will not be docketed and will be disregarded without substantive consideration.**

Nevertheless, this Court is mindful that "[o]ur justice system has a strong preference for resolving cases on their merits whenever possible." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011); *see also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (observing that the Federal Rules of Civil Procedure express a preference for resolving disputes on the merits). And the docket reveals that all Parties have vigorously contested this action. But E-Gate cannot proceed without an attorney. And contrary to Defendants' position that presupposes that they will prevail on summary judgment, the Court respectfully declines to resolve the pending Motions for Summary Judgment when E-Gate is not currently properly before the Court, as such ruling could be considered an advisory opinion. Accordingly, this Court will not resolve the Order to Show Cause at this time.

Instead, the Court respectfully **ORDERS** that this case be **ADMINISTRATIVELY CLOSED**. Administrative closure, subject to reopening for good cause, may be appropriate when a case would otherwise be stayed for an indefinite amount of time. *See, e.g.*, *Hartford Life and Accident Ins. Co. v. Nickal*, No. 17-cv-02556-MSK-MJW, 2018 WL 1173150, at *2 (D. Colo. Mar. 6, 2018) (finding administrative closure appropriate because it was unclear when a parallel criminal proceeding would be adjudicated). It is a way for the Court to manage its docket by "shelv[ing] pending, but dormant, cases" without a final adjudication. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999). Demonstrating good cause to reopen an administratively closed matter is not onerous; rather, "good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation omitted); *see also Frederick v. Hartford Underwriters Ins. Co.*, No. 11-cv-02306-RM-KLM, 2015 WL 1499662, at *1 (D. Colo. Mar. 27, 2015) ("Here, Defendant seeks a determination of the parties' rights and claims. Thus, good cause exists to reopen the matter." (citation omitted)).

Here, entry of counsel for E-Gate is a prerequisite to reopening for good cause. It is unclear whether new counsel will enter an appearance on behalf of E-Gate or how long such an entry of appearance may take. Given Defendants' and this Court's respective concerns regarding finality, no later than **November 21, 2025**, the Parties shall file any Motion to Reopen or Joint Status Report informing the Court whether administrative closure is still appropriate. Should the matter be reopened, the Court will sua sponte reinstate the pending Motions for Summary Judgment and Motions to Exclude, [Doc. 45; Doc. 54; Doc. 70; Doc. 71], and the associated briefing, **with no further briefing**

**permitted absent leave of Court.** Should no such Motion to Reopen or Joint Status Report be filed, the Court will **RESOLVE** the outstanding Order to Show Cause and will **TERMINATE** this action with no further notice of the Court, **including but not limited to potential dismissal WITH PREJUDICE** as sought by Defendants' in their Joint Response to the Order to Show Cause.  [Doc. 92].

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case in accordance with D.C.COLO.LCivR 41.2.  This case may be reopened upon a motion of any Party for good cause shown.  Entry of appearance of counsel for Plaintiff E-Gate Holding AG is a prerequisite to any motion to reopen;

(2) No later than **November 21, 2025**, the Parties shall file any Motion to Reopen or Joint Status Report informing the Court whether administrative closure is still appropriate.  Should no such Motion to Reopen or Joint Status Report be filed, the Court will **RESOLVE** the outstanding Order to Show Cause and will **TERMINATE** this action with no further notice of the Court, **including but not limited to potential dismissal WITH PREJUDICE** as sought by Defendants' in their Response to the Order to Show Cause; and

(3) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff E-Gate Holding AG:

> E-Gate Holding AG
> Attn: Wolfgang Loerli, President
> Sonnhaldenstrasse 10
> 8413 Neftenbach, Switzerland

DATED:  September 23, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge